## Robert L. Dodge *vs.* David Hills.

Where indentures of apprenticeship are signed and sealed by the father, minor son and master, and conclude with the words " to the true performance of the foregoing agreement we have hereunto signed and sealed the same ;" it is a sufficient consent by the minor in the deed, under the statute, *c.* 170.

Where in the indenture, the master " agrees and obligates himself to pay the said **J. H.** and **J. H.**, jr. (the father and minor son) fifty dollars per year for the said **J. H.** jr's services until he is twenty-one years of age, which sum is to be in full for all his labor and clothing and doctor's bills"; this is such security to the use of the minor, as will comply with the requisitions of the statute.

This was an action of the case for enticing away and harboring *John Hayden, jr.* the apprentice and servant of the plaintiff. The declaration alleged, that the said *Hayden,* on, &c. " was and still is the plaintiff's apprentice and servant, duly bound to the plaintiff to dwell with and serve him for and during the term of three years." To prove that *Hayden, jr.* was the apprentice and servant of the plaintiff, the plaintiff offered in evidence an indenture or agreement, dated the 3d of *April,* 1833, under the hands and seals of the plaintiff and *John Hayden* and *John Hayden, jr.* This was objected to by the counsel for the defendant. But *Emery J.* who tried the action, admitted it, and instructed the jury that the agreement or indenture, with proof of enticing away or harboring the said *John Hayden, jr.,* with notice of his employment, as the plaintiff's servant, was sufficient to sustain the action. The jury found for the plaintiff: and if the instructions were right, judgment was to be entered on the verdict ; otherwise it was to be set aside and a new trial granted.

After the date and description of the parties, the writing proceeds. " The said *John Hayden* and *John Hayden, jr.* agree, obligate and bind themselves, that *John Hayden, jr.* shall work with said *Robert L. Dodge* faithfully, &c. until the said *John, jr.* shall be twenty-one years of age, excepting one month in each year during the time of service, said *John, jr.* is to have for his own benefit and use, and is to board himself or pay for his board." " And the said *Robert L. Dodge* agrees and obligates himself to pay the said *John Hayden* and *John Hayden, jr.* $50 per year for the said *John, jr's* services, as above stated, until he is twen-

ty-one years of age, which sum is to be in full for all his labor and clothing, and doctor's bills." "To the true performance of the foregoing agreement we have hereunto signed and sealed the same."

*Mellen,* for the defendant, made the following points.

1. At common law a father has no right, for his own profit, to transfer the liberty and services of his son, or daughter, under age, to the exclusive jurisdiction of a master.

2. That if such right existed at common law, the exercise of the right is, by our statute, so limited, and the rights of the child are so guarded, that he cannot render his son or daughter, of any age under twenty-one years, at his own pleasure and for his own benefit, an exile from the paternal roof; and deprive either of the blessings of education and proper government, and the indiscribable comforts of "Home: sweet home."

3. Although a minor, who has no parents, may bind himself with the approbation of the selectmen or overseers; yet, when the father is living, the father must bind the son, with his consent, and the consideration on the face of the paper, must be secured to the use and benefit of the minor; or the whole will be void.

4. In this case there is no consent of the minor in the indenture.

These authorities were cited: *Stat. ch.* 170; *Day* v. *Everett,* 7 *Mass. R.* 145; *Smith* v. *Birch,* 1 *Burns' Just.* 60; *King* v. *Inhabts. of Cromford,* 8 *East,* 25; *King* v. *Inhabts. of Arnesby,* 3 *Barn. & Ald.* 584; 2 *Kent's Com.* 2d *Ed.* 264; *United States* v. *Bainbridge,* 1 *Mason,* 71; *Squire* v. *Whipple,* 1 *Vermont R.* 69; *Commonwealth* v. *Wilbanks,* 10 *Serg. & Rawle,* 416; *King* v. *Inhabts of Bow,* 4 *M. & Selw.* 383.

*I. G. Reed* and *Knowles,* for the plaintiff, contended:

1. This indenture does substantially conform to the statute. The parties all sign, father, son and master. The consideration for the services was one month's work each year "for his own benefit and use," and fifty dollars per year for his clothing and doctor's bills. The father receives nothing, but the whole goes to the son.

2. If the binding was not a legal statute binding, it was an assignment over by the father of the services of his son for a limited time. And if liable to be revoked, still is good until revoked.

3. *Hayden, jr.* was *de facto*, the servant of the plaintiff, and in his employment. And this is sufficient to enable the plaintiff to maintain this suit.

4. If this be not a valid statute binding, and the parties to it can avoid it, still it is voidable only, and the parties have not done it, and third persons, like the defendant, cannot.

They cited the following authorities. *Day* v. *Everett,* 7 *Mass. R.* 145; *Barber* v. *Dennis,* 1 *Salk.* 68; 1 *Dane's Ab.* 255, § 1; 2 *Petersdorff's Ab.* 22; *Lightly* v. *Clovston,* 1 *Taunt.* 112; *Foster* v. *Stewart,* 1 *M. & Selw.* 191; *Rex* v. *St. Nicholas,* 1 *Burr, Sett. cases,* 94; *Gray* v. *Cookson,* 16 *East,* 13; *Rex* v. *Inhabitants of Laindon,* 8 *T. R.* 379; *Ashcroft* v. *Bertles,* 6 *T. R.* 652; 3 *Dane,* 589; *Matter of M'Dowles,* 8 *Johns. R.* 327.

The opinion of the Court, after a continuance for advisement, was drawn up by

Weston C. J. — It is insisted that the relation of master and apprentice or servant did not exist between the plaintiff and the minor, for the enticing and harboring of whom, this action is brought. Two objections are taken to the indenture, as a binding under the statute; first, that the consent of the minor is not expressed in the deed; secondly, that the consideration allowed by the master, for the services of the minor is not secured to his sole use. He does "agree" to the indenture; and he binds himself to the true performance of the "agreement" stated therein. His consent then is expressed in terms not to be misunderstood.

The master is to board the apprentice, to allow him a month in each year for his own benefit, and to pay him and his father, every year, the sum of fifty dollars. But it is very manifest, that whatever might be received by the father was in trust for the son, to be applied to his use. It was to purchase his clothing, and to pay for medical attendance, whenever it might be necessary. The three years, in which he was to serve the plaintiff, were from

eighteen to twenty-one. Suitable clothing for that period would exhaust the fund provided. The agency of the father in the application of part of it, was for the *benefit of* the child. It is fair to presume, that it would be more discreetly expended. It does appear to us, that the whole consideration is virtually and substantially secured to the apprentice; and that the father is made the recipient of part, not for himself, but to be applied to the necessities of the son.

We are of opinion, that the indenture may be sustained, as a binding under the statute; and that the relation of master and apprentice was thereby created. It is unnecessary therefore to consider the question, whether if the statute had not been complied with, the minor was an apprentice or servant *de facto*, or what rights may remain to the father at common law, in disposing of the services of his minor son.

*Judgment on the verdict.*